**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

THANH GIAP,

                                        Plaintiff,

            - v -                                                    Civ. No. 9:09-CV-503
                                                                            (LEK/RFT)

BRIAN FISCHER, *Commissioner*, *Department of*
*Correctional Services*; ANTHONY, *Nurse, Eastern*
*Correctional Facility*,

                                        Defendants.

**APPEARANCES:**                                    **OF COUNSEL:**

THANH GIAP
Plaintiff, *Pro Se*
98-A-0291
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ANDREW M. CUOMO                              ADRIENNE J. KERWIN, ESQ.
Attorney General of the State of New York         Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        *Pro se* Plaintiff Thanh Giap brings this civil rights Complaint, pursuant to 42 U.S.C. § 1983,

alleging Defendants violated his Eighth Amendment constitutional rights while he was housed at

Eastern Correctional Facility.  Dkt. No. 1, Compl.  Defendants filed a Motion to Dismiss pursuant

to FED. R. CIV. P. 12(b)(6), which the Plaintiff opposes.  Dkt. Nos. 9 & 10.  In support of his

Opposition to Defendants' Motion to Dismiss, Plaintiff has submitted an Affidavit with Exhibits

attached. Dkt. No. 10. These Exhibits, which include Plaintiff's Medical Records and a completed Health Screening for Intrasystem Transfer Form for Plaintiff, support Plaintiff's factual allegations concerning his medical issues and the treatment he received. They do not support Plaintiff's legal conclusions, which, as discussed below, we reject. *See id.*

Also pending before the Court is Plaintiff's Motion to Amend his Complaint, which the Defendants oppose. Dkt. Nos. 11-12. For the reasons that follow, it is recommended that Defendants' Motion to Dismiss be **granted**, and it is ordered that Plaintiff's Motion to Amend is **denied**.

## I. BACKGROUND

Plaintiff alleges the following facts in his Complaint, which, for the purposes of issuing a recommendation on the merits of Defendants' Motion, must be accepted as true. *See infra* Part II.A. Plaintiff, while an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), underwent hemorrhoid surgery at Albany Medical Center on or about November 21, 2007. Compl. at ¶ 1. After the surgery, Plaintiff was transferred to the medical unit at Eastern Correctional Facility ("Eastern") where he stayed until November 23, 2007. *Id.* at ¶ 2. Hours after leaving the medical unit, Plaintiff began experiencing pain, and days later he began bleeding profusely. *Id.* at ¶ 3. On November 26, 2007, Plaintiff returned to the medical unit in Eastern where he was examined by Defendant Nurse Anthony. *Id.* at ¶¶ 4-5. Nurse Anthony did not provide Plaintiff any additional treatment, but rather, sent Plaintiff back to his program and recommended that he resume normal activities. *Id.* at ¶ 5. Later that day, Plaintiff became ill and was sent to an outside hospital where he received a blood transfusion. *Id.* at ¶ 6. The next day, Plaintiff was transferred to Albany Medical Center for emergency surgery. *Id.* at ¶ 7. After the surgery, a doctor

*-2-*

told Plaintiff that he may have a tumor that would require further treatment. *Id.* at ¶ 8.

Plaintiff alleges that Nurse Anthony violated his Eighth Amendment rights when she failed to provide him treatment on November 26, 2007, and that his medical treatment was interfered with when he was transferred from Eastern to Clinton Correctional Facility ("Clinton"). *Id.* at Causes of Action.

## II.  DISCUSSION

### A.  Standard of Review

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972).  The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980).  "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).  Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (emphasis added).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn

from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1950 (citing *Twombly*).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __ 129 S.Ct. at 1949. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the

---

[1] By its opinion in *Bell Atlantic Corp. v. Twombly* and then again in *Ashcroft v. Iqbal*, the Supreme Court abrogated the often-cited language of *Conley v. Gibson* "that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 562-63 (2007) (quoting *Conley*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)). In so doing, the Court found that *Conley* "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id*. at 563.

reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. __ 129 S. Ct. at 1950-51.

With this standard in tow, we consider the plausibility of Plaintiff's Complaint.

### B.  Eighth Amendment Claims

Plaintiff alleges that: (1) Defendant Nurse Anthony was deliberately indifferent to his serious medical needs by refusing to provide Plaintiff with the medical treatment he required; and (2) Defendant Commissioner Fischer was deliberately indifferent to his serious medical needs when he interfered with Plaintiff's medical treatment by transferring him from Eastern to Clinton.  Compl. at ¶¶ 1-9 & Causes of Action.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments.  This includes punishments that "involve the unnecessary and wanton infliction of pain."  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  The plaintiff must allege conduct that is "'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y. 1992), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06).

To state a claim for denial of medical care, a prisoner must demonstrate (1) a serious medical condition and (2) deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin ("Hathaway I")*, 37 F.3d 63, 66 (2d Cir. 1994).  The first prong is an objective standard and considers whether the medical condition is sufficiently serious.  The Second

Circuit has stated that a medical need is serious if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway I*, 37 F.3d 63, 66 (2d Cir. 1994)). Among the relevant factors to consider are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individuals daily activities; or the existence of chronic and substantial pain." *Chance v. Armstrong*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)). The second prong is a subjective standard requiring a plaintiff to demonstrate that the defendant acted with the requisite culpable mental state similar to that of criminal recklessness. *Wilson v. Seiter*, 501 U.S. 294, 301-03 (1991); *Hathaway I*, 37 F.3d at 66. A plaintiff must demonstrate that the defendant acted with reckless disregard to a known substantial risk of harm. *Farmer v. Brennan*, 511 U.S. at 836. This requires "something more than mere negligence . . . but something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 835; *see also Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996) (citing *Farmer*). Further, a showing of medical malpractice is insufficient to support an Eighth Amendment claim unless "the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d at 702 (quoting *Hathaway v. Coughlin ("Hathaway II")*, 99 F.3d 550, 553 (2d Cir. 1996)); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citations omitted).

Defendants assume for the purposes of their Motion that Plaintiff's medical condition, something "more than hemorrhoids," was sufficiently serious. Dkt. No. 9, Defs.' Mem. of Law at p. 3; Compl. at ¶ 8. They contend, however, that Plaintiff failed to allege facts plausibly suggesting

that they were deliberately indifferent to Plaintiff's serious medical needs; they further contend that Plaintiff has not alleged facts plausibly suggesting the personal involvement of Defendant Commissioner Brian Fisher. *Id.* at pp. 2 & 3.

### 1. *Eighth Amendment Claim against Nurse Anthony*

Plaintiff alleges that on November 26, 2007, he presented before Nurse Anthony in extreme pain and bleeding profusely.  Compl. at ¶¶ 3-5.  Nurse Anthony examined him, and determined he was fit to resume his normal activities.  *Id.* at ¶ 5.  Plaintiff alleges that Nurse Anthony discharged Plaintiff from Eastern's infirmary due to non-medical factors, such as the need for a bed for another sick inmate.  Dkt. No. 10, Pl.'s Resp. to Defs.' Mot. to Dismiss (hereinafter "Pl.'s Resp.") at p. 3. Later that day, Plaintiff was rushed to an outside hospital where he received a blood transfusion and, the following day, went to Albany Medical Center for emergency surgery.  Compl. at ¶¶ 6-7. Plaintiff asserts that a specialist informed him after his second surgery that he might have a tumor or something "more than hemorrhoids."  *Id.* at ¶ 8; Pl.'s Resp. at p. 1.

Essentially, Plaintiff claims that Nurse Anthony examined him, but did not "comprehend [his] medical problem," which a specialist later told him might be a tumor.  Compl. at ¶ 9.  However, negligence in diagnosing or treating a medical condition does not rise to the level of an Eighth Amendment violation.  *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").  Negligent treatment may include "a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial . . . ." *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir.2000).  Thus,  Anthony's alleged failure to treat Plaintiff for a condition that was only discovered after surgery was performed does not make her liable to Plaintiff under § 1983.

Nor does Plaintiff's allegation that his treatment was unnecessarily delayed constitute an Eighth Amendment violation.  Although a delay in providing necessary medical care may in some cases constitute deliberate indifference, such a classification is reserved "for cases in which, for example, officials deliberately delayed care as a form of punishment; ignored a life-threatening and fast degenerating condition for three days; or delayed major surgery for over two years." *Freeman v. Stack*, 2000 WL 1459782, at *6 (S.D.N.Y. Sept. 29, 2000).  Only when the official "knows of and disregards an excessive risk to inmate health or safety" will such official be deemed to have been deliberately indifferent.  *Hathaway v. Coughlin*, 99 F.3d at 553.  Plaintiff does not allege that Anthony knew or learned of his urgent condition prior to or as a result of her examination.  Thus, Plaintiff has failed to allege that Anthony was deliberately indifferent to his medical needs and it is recommended that his Eighth Amendment claims against her be **dismissed**.

### 2. *Eighth Amendment Claim against Commissioner Fischer*

Plaintiff states that he "thought at the time [of his second surgery] that follow up treatment would be done.  However defendant transferred plaintiff from Eastern Correctional Facility to Clinton Correctional Facility without the medical problem being treated."  Pl.'s Resp. at p. 1.

It is not clear from Plaintiff's response when or why he was moved from Eastern to Clinton, nor how Fischer was involved in that transfer.  But, in any event, an inmate does not have a right to be confined in the prison of his own choosing.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Meriwethr v. Coughlin*, 879 F.2d 1037, 1046 (2d Cir. 1989) ("It is well established that the transfer of a prisoner from one institution to another does not invoke the protection of the Due Process Clause."). Moreover, Plaintiff does not allege what treatment he was receiving at the time of his transfer, nor does he explain how said transfer adversely affected that treatment.  Most

-8-

importantly, Plaintiff does not allege that Commissioner Fischer knew of his condition or treatment prior to his transfer.  Thus, Plaintiff does not allege that Fischer was aware of and disregarded his alleged serious medical condition.  Therefore, it is recommended that the Motion to Dismiss be **granted** on Plaintiff's Eighth Amendment claim against Commissioner Fischer.

### III.  MOTION TO AMEND

After filing his Response to Defendants' Motion to Dismiss, Plaintiff filed a Motion to Amend his Complaint.  Dkt. No. 11.  However, as Defendants' point out in their brief Opposition to Plaintiff's Motion to Amend, Dkt. No. 12, the Proposed Amended Complaint does not add any new material facts or claims to the Complaint, *see* Dkt. No. 11.  Neither do the Exhibits attached to the Proposed Amended Complaint add any new facts or claims.  Exhibit A consists of copies of Plaintiff's Grievance and administrative appeals, in which he alleged the same claims brought in his Complaint.  Dkt. No. 11, Proposed Am. Compl., Ex. A, Grievance, dated Dec. 7, 2007 & Appeal Decision, dated Feb. 13, 2008.

Therefore, because the Proposed Amended Complaint does not differ from the original Complaint in any significant respects, the Motion to Amend is **denied.**

### IV.  CONCLUSION

For the reasons stated therein, it is hereby

**RECOMMENDED**, that the Defendant's Motion to Dismiss (Dkt. No. 9) be **GRANTED** and the entire Complaint be **DISMISSED**; and it is further

**ORDERED**, that the Plaintiff's Motion to Amend (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   March 1, 2010
          Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

-10-